UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    Schiller, Knapp,
    Lefkowitz, & Hertzel, LLP

                      Debtor.

Chapter 11
Case No. 23-10558

# MOTION OF THE DEBTOR PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE AUTHORIZATION OF A NAME CHANGE OF THE DEBTOR

Schiller, Knapp, Lefkowitz & Hertzel, LLP (hereinafter, the "Debtor"), as debtor-in-possession, hereby moves this Court (the "Motion"), through its proposed counsel, Boyle Legal, LLC, for entry of an order pursuant to section 105, of the Bankruptcy Code to establish procedures for the authorization of Debtor to Change its name. In support of this Motion, the Debtor respectfully states as follows:

## Background

1.    On May 31, 2023 (the "Petition Date"), the Debtor commenced with the Bankruptcy Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No Official Committee of Unsecured Creditors has been appointed in this chapter 11 case.

2.    In support hereof, the Debtor relies upon the *Declaration of Gary Lefkowitz in Support of First Day Relief and Petition*.

3.    The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The factual background regarding the Debtor, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Gary Lefkowitz in Support of First Day Relief*, which is incorporated herein in its entirety.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Article 7 of the New York Partnership Law § 121-202-A, and Rules 7.5 New York Rules of Professional Conduct.

## Relief Requested

8. The Debtor is a law firm authorized to practice law in the State of New York, Pennsylvania, and Vermont.

9. The Debtor was initially formed on December 23, 1998 bearing the name "Schiller & Knapp, LLP."

10. On August 20, 2015, a Certificate of Amendment was filed with the Secretary of State, changing the name of the Debtor to "Schiller, Knapp, Lefkowitz, & Hertzel, LLP."

11. Of the four named partners, Mr. Paul B. Knapp withdrew from the partnership on in or around 2019.

12. Mr. William Schiller withdrew from the partnership in or around February 2021 and remained of counsel to the Debtor until May, 2023.

13. Ms. Ryan Hertzel withdrew from the partnership on or around April 1, 2023.

14. At the time of filing, Debtor has two general partners: Daniel Young and Gary Lefkowitz.

15. Pursuant to rule 7.5 of the New York Rules of Professional Conduct, a law firm cannot operate in New York bearing the name of a non-partner who continues to practice law in New York State or who no longer holds a close relationship (i.e. "Of Counsel") to the firm in question.

16. Accordingly, for Debtor to continue operations, it will require a change of name in order to remove the names of Mr. Knapp, Mr. Schiller, and Ms. Hertzel.

### **The Name Change Procedures**

17. Pursuant to Bankruptcy Code section 105(a) as well as, the Debtor respectfully request that this Court enter an order establishing procedures (the "Name Change Procedures") for Debtor to legal effectuate a name change and provide proper notice to parties in interest in this proceeding.

18. The proposed Name Change Procedures are as follows:

   a. The Debtor will file on the docket for this chapter 11 case a notice setting forth the proposed new name of the Debtor, and will serve the Name Change Notice pursuant to FRBP 7004 on all parties-in-interest of this proceeding.

   b. The Name Change Notice shall be substantially in the form of Exhibit A annexed hereto.

   c. Should a party in interest object to the Debtor's proposed name change, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) days after the date the Name Change Notice is filed: (i) counsel to Debtor, Boyle, Legal, LLC, 64 2nd Street, Troy NY 12180, Attention: Michael L. Boyle; (ii) the Office of the U.S. Trustee, 11A Clinton Avenue, Albany, NY 12207, Attention: Amy Ginsburg, Esq; (iii) The Subchapter V Trustee; and (iv) any parties who have filed a Notice of Appearance in this action.

   d. If no objection to the Name Change Notice is timely filed, the proposed

          Name Change shall be deemed accepted on the effective date set forth in the Name Change Notice.

e.    If an objection to a Rejection Notice is timely filed and received in accordance with these Name Change Procedures, the Debtor will attempt to reach a consensual resolution of such objection. If the parties are unable to resolve the objection, the Debtor shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Court or withdrawn by the objecting party, then the applicable Name Change shall be deemed approved.

f.    After the Name Change has been deemed approved, the Debtor shall take the necessary steps with the New York Secretary of State to effectuate a legal name change.

g.    As soon as practicable after the Debtor has effectuated a name change with the Secretary of State for New York, the Debtor shall provide notice of its finalized Name Change to the Bankruptcy Court.

h.    After the Bankruptcy Court Clerk has received notice of the Name Change, the Docket shall be updated to reflect the Debtor's new name and the caption of the case shall be amended to reflect the Debtor's Name Change.

19. In connection with the foregoing, the Debtor also requests that they be authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Name Change Procedures as approved by this Court, and that entry of the requested order be without prejudice to the Debtor's right to seek further, other, or different relief regarding the Leases.

20. The proposed Name Change Procedures will streamline the Debtor's ability to reorganize and come into compliance with relevant New York State law while providing proper notice and due process to the parties in interest in this case.

21. Accordingly, the Debtor respectfully submits that the proposed Name Change Procedures should be approved, as they appropriately balance the respective interests of the parties and are an appropriate exercise of the Debtor's business judgment.

## Basis For Relief

22.     Moreover, Bankruptcy Code section 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Debtor submits that the relief requested herein is appropriate in these chapter 11 cases and is well within the Court's equitable powers under Bankruptcy Code section 105.

23.     N.Y. Partnership Law § 121-202-A establishes procedures necessary for a Partnership organized under the Laws of the State of New York to change its name.

24.     Rule 7.5(b)(1)(iii) of the New York Rules of Professional Conduct dictate that "A…law firm in private practice shall not practice under…a name that is misleading as to the identity of the lawyer or lawyers practicing under such name."

25.     Rule 7.5(c) of the New York Rules of Professional Conduct dictates that "Lawyers shall not hold themselves out as having a partnership with one or more lawyers unless they are in fact partners."

26.     Comment 2 to Rule 7.5 of the New York Rules of Professional Conduct indicates "It is not false, deceptive, or misleading for a firm to be designated by the names of all or some of its current members or by the names of retired or deceased members where there has been a continuing line of succession in the firm's identity."

27.     New York Ethics Opinion 1217 concludes "[a] law firm may continue to use the name of a former partner in the firm name after the partner leaves the firm for nonlegal employment and/or becomes "Of Counsel" to the firm unless particular facts and circumstances would make it false, deceptive or misleading to do so."

28. With the departures of Mr. Knapp, Mr. Schiller, and Ms. Hertzel, it is necessary for Debtor to effectuate a name change in order to continue the practice of law in New York without running afoul of the aforementioned ethical considerations.

29. It is the business judgment of the Debtor that a name change is necessary during these proceedings in order to avoid further liabilities, as outlined above.

30. In applying the "business judgment" standard, debtors are usually given significant discretion. See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"). The business judgment standard mandates that a court shall approve a debtor's business decisions unless the decision is the product of bad faith or gross abuse of discretion. Id.

31. The Name Change Procedures set forth herein and in the proposed order allow the Debtor to exercise their business judgment and ensure that Debtor is mitigating potential future liability. Parties-in-interest will not be prejudiced by the Name Change Procedures because, upon receipt of a Notice of Name Change, such counterparties will have received notice of the Debtor's intent to change its name and will have the opportunity to submit an objection.

32. The Debtor submits that the proposed Name Change Procedures balance the need for an expeditious name change while providing due process and proper notice of the proposed name change to parties in interest.

33. The Debtor therefore submits that the proposed Name Change Procedures set forth herein are fair and equitable, and request that the Court approve the Rejection Procedures as set forth above and in the proposed order.

34. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtor respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: Troy, New York
May 31, 2023

BOYLE LEGAL, LLC

By:   /s/ Michael L. Boyle
*Proposed Attorneys for Debtor-in-Possession*
64 2ND Street
Troy, NY 12180
518-407-3121
mike@boylebankruptcy.com

# EXHIBIT A

**Name Change Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Schiller, Knapp, Lefkowitz, & Hertzel, LLP | Case No. 23-10558 |
| Debtor. | |

**NOTICE OF PROPOSED NAME CHANGE OF DEBTOR**

**PLEASE TAKE NOTICE** that on June___, 2023, the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") entered an *Order Approving Procedures for Changing the Debtor's Name* (the "Procedures Order") in the above-referenced chapter 11 case of Schiller, Knapp, Lefkowitz, & Hertzel, LLP, as debtor and debtor-in-possession, approving procedures (the "Name Change Procedures") to change the Debtor's name.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Procedures Order, the Debtor hereby provide notice of its intent to change its name as follows:

**NewPartnership, LLP**

Pursuant to the terms of the Procedures Order, unless a written objection is filed and served accordance with the terms of the Procedures Order, the Name Change will be deemed accepted on the effective date set forth in this Notice, or, if no such date is set forth herein, the date this Notice is filed with the Court.

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtor's proposed name change, you must file and serve a written objection so that such objection is filed with the Court and <u>actually received</u> by the following parties no later than fourteen (14) days after the date the Name Change Notice is filed with the court: (i) counsel to Debtor, Boyle Legal, LLC, 64 2nd Street, Troy, NY 12180, Attention: Michael L. Boyle; and (ii) the Office of the U.S. Trustee, 11a

Clinton Avenue, Room 620, Albany, NY 12207.

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and received in accordance with these Name Change Procedures, the Debtor shall attempt to reach a consensual resolution of such objection. If the parties are unable to resolve the objection, the Debtor shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Court or withdrawn by the objecting party, then the proposed name change shall be deemed approved.

Dated: Troy, New York            BOYLE LEGAL, LLC
       May <u>31</u>, 2023

                                     By:   /s/ Michael L. Boyle
                                             *Proposed Attorneys for*
                                             *Debtor-in-Possession*
                                             64 2ND Street
                                             Troy, NY 12180
                                             518-407-3121
                                             mike@boylebankruptcy.com

# EXHIBIT B

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Schiller, Knapp, Lefkowitz, & Hertzel, LLP | Case No. 23-10558 |
| Debtor. | |

**ORDER APPROVING PROCEDURE FOR CHANGING DEBTOR'S NAME**

Upon the motion, dated May 31, 2023 (the "Motion") of Schiller, Knapp, Lefkowitz, & Hertzel, LLP, as debtor-in-possession, for entry of an order approving procedures to change the Debtor's name; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the

Motion is in the best interests of the Debtor, its estate, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Debtor is authorized to (i) effectuate a Change of Name through the following procedures (the "Name Change Procedures"):

    a. The Debtor will file on the docket for this chapter 11 case a notice setting forth the proposed new name of the Debtor, and will serve the Name Change Notice pursuant to FRBP 7004 on all parties-in-interest of this proceeding.

    b. The Name Change Notice shall be substantially in the form of Exhibit A annexed hereto.

    a. Should a party in interest object to the Debtor's proposed name change, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) days after the date the Name Change Notice is filed: (i) counsel to Debtor, Boyle, Legal, LLC, 64 2nd Street, Troy NY 12180, Attention: Michael L. Boyle; (ii) the Office of the U.S. Trustee, 11A Clinton Avenue, Albany, NY 12207, Attention: Amy Ginsburg, Esq; (iii) The Subchapter V Trustee; and (iv) any parties who have filed a Notice of Appearance in this action.

    c. If no objection to the Name Change Notice is timely filed, the proposed Name Change shall be deemed accepted on the effective date set forth in the Name Change Notice.

    d. If an objection to a Rejection Notice is timely filed and received in accordance with these Name Change Procedures, the Debtor will attempt to reach a consensual resolution of such objection. If the parties are unable to resolve the objection, the Debtor shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Court or withdrawn by the objecting party, then the applicable Name Change shall be deemed approved
.

    e. After the Name Change has been deemed approved, the Debtor shall take

       the necessary steps with the New York Secretary of State to effectuate a legal name change.

    f.    As soon as practicable after the Debtor has effectuated a name change with the Secretary of State for New York, the Debtor shall provide notice of its finalized Name Change to the Bankruptcy Court.

    g.    After the Bankruptcy Court Clerk has received notice of the Name Change, the Docket shall be updated to reflect the Debtor's new name and the caption of the case shall be amended to reflect the Debtor's Name Change.

3.    Pursuant to section 105(a) of the Bankruptcy Code, the Debtor's proposed procedure of changing its name with the Name Change Procedures set forth in this Order is hereby approved and such Procedures shall govern the change of Debtor's name.

4.    The Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Name Change Procedures.

5.    This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

###